### UNITED STATES v. PROCK et al.

#### Cr. No. 6118.

United States District Court
S. D. Texas. Galveston Division.

June 11, 1952.

Brian S. Odem, U.S. Atty., and W. G. Winters, Jr., and K. M. Nolen, Assts. U. S. Attys., of Houston, Tex., for plaintiff.

Williams & Thornton, Galveston, Tex., E. H. Thornton, Jr., R. Richard Thornton, Galveston, Tex., and E. E. Lonabaugh, of Galveston, Tex., for defendants.

KENNERLY, Chief Judge.

Just prior to the effective date of the Act of the Texas Legislature, making it a felony to have possession of slot machines within the State, Acts 1951, 52nd Leg., p. 299, ch. 178, Vernon's Ann.P.C. art. 642a,[1] many slot machines migrated from Texas. Among these were 65 machines which left Galveston, Texas, in this Division and District, on or about September 6, 1951, destined for the Foreign Trade Zone[2] in New Orleans, Louisiana, with their final destination Central America. They crossed from Texas into Louisiana at or near Orange, Texas, enroute to New Orleans, Louisiana, and were seized

1. Section 2 of such Act is as follows:
"Whoever shall manufacture, own, store, keep, sell, rent, lease, let on shares, lend or give away, transport or possess a slot machine, as defined in Section 1, shall be guilty of a felony and upon

conviction thereof shall be confined in the State penitentiary not less than two (2) years nor more than four (4) years."

2. Foreign Trade Zones are provided for in Sections 81(a) to 81(u), Title 19, U.S. C.A.

by Agents of the Federal Bureau of Investigation at Lake Charles in the State of Louisiana. Thereafter Defendant George Prock and two others were indicted under the Act of Congress of January 2, 1951, Section 1171 et seq., Title 15, U.S.C.A., being charged in Count One of the Indictment with conspiring to transport and in Count Two with transporting such 65 machines in violation of Section 1172, and being charged in Count Three with failure to register such slot machines under Section 1173. They entered pleas of not guilty and were tried with a Jury. At the conclusion of the Government's case, the Government dismissed Count Three, and the Motion of Defendants for an acquittal under Fed.Rules Crim.Proc. rule 29, 18 U. S.C.A., was granted as to Counts One and Two.

 1: Unless prohibited by Statute, slot machines or other gambling devices may be freely shipped in either intrastate, interstate, or foreign commerce. A reading of such Statute, Act of January 2, 1951, and particularly Section 1172[3] thereof, is convincing that it has no application either to shipments of gambling devices in intrastate commerce or in foreign commerce. It applies only to shipments in interstate commerce, i. e., shipments of gambling devices from a place in a State to a place in any other State, the District of Columbia, or a possession of the United States. The Government has the burden to show transportation in interstate commerce in order to convict persons charged under the Act.

The Government in this case has wholly failed to satisfy the burden of proof. In my view all the evidence offered showed unmistakably that the 65 slot machines in question, for the transportation of which defendants are being prosecuted, were shipped, not in either intrastate or interstate commerce, but in foreign commerce. Defendants are, therefore, entitled to have their Motion for Acquittal sustained. It is so ordered.

3. Section 1172 is as follows:
"It shall be unlawful knowingly to transport any gambling device to any place in a State, the District of Columbia, or a possession of the United States from any place outside of such State, the District of Columbia, or possession: Provided, That this section shall not apply to transportation of any gambling device to a place in any State which has enacted a law providing for the exemption of such State from the provisions of this section, or to a place in any subdivision of a State if the State in which such subdivision is located has enacted a law providing for the exemption of such subdivision from the provisions of this section.

"Nothing in this chapter shall be construed to interfere with or reduce the authority, or the existing intepretations of the authority, of the Federal Trade Commission under the Federal Trade Commission Act."